UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Plaintiff |
| v. | Criminal Action No. 3:19-CR-22-RGJ |
| ERIC WISE | Defendant |

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Eric Wise's ("Wise") Motion in Limine [DE 40] and the United States' Notice of Intent to Introduce Evidence of Other Acts Under Fed. R. Evid. 404(b) and Motion to Admit Evidence of Other Acts, *Res Gestae*, and Inextricably Intertwined Evidence. [DE 46]. This matter is now ripe. For the reasons below, the Court **DENIES** Wise's Motion [DE 40] and **GRANTS IN PART AND DENIES IN PART** the United States' Notice and Motion [DE 46].

### I. BACKGROUND

In 2016, Detective Halbleib ("Halbleib") learned from two reliable confidential informants that Wise, whom he had pursued for some time, had bought kilograms of cocaine from Ambrocio Jennings ("Jennings"), a known drug trafficker. [DE 24-2 at 70]. On the same day he received this information, Halbleib observed Wise leave Jennings' house and "drive directly" to 6357 Doe Run Road ("Doe Run Road"). *Id.* Based on his training and experience, Halbleib believed that Wise used Doe Run Road as a "stash house." *Id.*

Through "surveillance and tracking[1] Wise's phone," Halbleib determined that Wise resided at both 9831 Valley Farms Blvd ("Valley Farms") and Doe Run Road (collectively,

---

[1] Throughout his investigation, Halbleib obtained a series of "trap and trace" orders for Wise's cell phones.

1

"Wise's residences"). *Id.* at 74.

On June 11, 2018, Halbleib found two people who were willing to help him catch Wise.[2] *Id.* at 69. After Halbleib stopped Leonel Camacho Flores and Aguilera Leysi Guadalupe, two drug traffickers from Houston, Texas ("the Houston traffickers"), and recovered a kilogram of cocaine in their car, Flores told Halbleib that Wise had bought cocaine and methamphetamine from their drug trafficking organization. *Id.* The Houston traffickers agreed to cooperate with Halbleib's investigation. *Id.* After calling Wise to set up a drug buy, they met him at the Jefferson Mall where Wise agreed to purchase six kilograms of cocaine from them for $28,000 per kilogram. *Id.* They also agreed that "Wise was to bring $84,000 for 3 kilograms and [the Houston traffickers] would front the additional 3 kilograms of cocaine and get the remaining $84,000 later." *Id.* Over the next nineteen hours, Wise and the Houston traffickers continued to talk. *Id.* During this time, Halbleib tracked Wise's cell phone to Doe Run Road and Valley Farms. *Id.* In the end, Wise grew increasingly suspicious and backed out of the deal. *Id*

Halbleib then obtained a search warrant for Doe Run Road and Valley Farms. During the search of Doe Run Road, officers found a pistol, "marijuana, three digital scales, a marijuana grinder, and a large duffle bag from the basement, which contained what appeared to be empty marijuana pound bags. When the empty marijuana pound bags were located, the defendant spontaneously stated, 'I like my weed, that's just weed.'" [DE 1]; [DE 46 at 220]. And during the search of Valley Farms, officers found a pistol and marijuana. *Id.*

A a federal grand jury indicted Wise on one count of possession of a firearm by a felon in violation of 18 U.S.C. §922(g)(1). [DE 1].

---

[2] Around this same time, Halbleib learned from a reliable confidential informant that Wise was selling cocaine, heroin, and methamphetamine. Halbleib also learned that Wise possessed handguns. [DE 24-2 at 71].

2

## II.  STANDARD

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence *in limine* under their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). That said, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 810 (N.D.Ohio 2002) (citing *Luce,* 469 U.S. at 41 n. 4). This posture is favored so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). When this Court issues a ruling *in limine*, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *Luce*, 713 F.2d at 1239). Thus, even where a motion *in limine* is denied, the Court may return to its previous ruling at trial "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239). Likewise, the Court has discretion to alter or amend a prior *in limine* ruling at trial. *Luce,* 469 U.S. at 41–42.

## III.  DISCUSSION

Wise moves the Court to exclude evidence of: 1) "The investigation conducted by Lt. Col. Michael Halbleib and any other law enforcement officers associated with the Office of the Bullitt County Sheriff or any other law enforcement agency"; 2) "Any 'criminal history' of the Defendant, Eric Wise beyond the fact that before June 13, 2018, he had suffered a conviction for a 'crime punishable by a term exceeding one year'"; 3) "What the officers who executed the Doe Run Road

3

and Valley Farms Boulevard search warrants expected to find"; and 4) "Any description or listing of tangible objects found or seized during the search of Doe Run Road and Valley Farms Boulevard other than the two firearms seized and described in the Indictment. [DE 40 at 189]. Wise argues that Fed. R. Evid. 401, 402, and 403 prohibit the United States from introducing this evidence. *Id.*

The United States, on the other hand, moves the Court to allow introduction of evidence of "the investigation regarding the Defendant, including cell-site location information, which lead to the execution of search warrants at 6357 Doe Run Road and 9831 Valley Farms Boulevard and testimony and photographs as to the items recovered during the execution of said search warrants." [DE 46 at 217]. The United States argues that this evidence is admissible as *res gestae* or, in the alternative, under Fed. R. Evid. 404(b) as proof of Wise's "motive, opportunity, knowledge, and absence of mistake or accident for possessing the firearms." *Id.* at 222.

### A. Halbleib's Investigation

Wise moves the Court to exclude evidence about "[t]he investigation conducted by Lt. Col. Michael Halbleib and any other law enforcement officers associated with the Office of the Bullitt County Sheriff or any other law enforcement agency." [DE 40 at 189]. In effect, Wise asks the Court to exclude any evidence about Halbleib's investigation of him. In its Notice, the United States narrows the scope of the evidence it intends to introduce about Halbleib's investigation to the two-months before Wise's arrest. [DE 46 at 219-220]. During that two-month period, Wise negotiated with the Houston traffickers and the officers surveilled and electronically tracked him to Doe Run Road and Valley Farms. *Id.*

#### 1. The Houston Traffickers

Wise argues that the Court should exclude evidence about Halbleib's investigation because it "makes no 'fact of consequence' to [the charged offense] more or less likely." [DE 40 at 191].

4

Conversely, the United States argues that the Court should allow it to admit the "agreement to purchase narcotics [from the Houston traffickers] just three days before the execution of the search warrants" because it is "background evidence to the execution of the warrants in this case." [DE 46 at 219]. The United States also argues that Wise's conduct is "*res gestae* to the charged offense . . . and forms an integral part of Major Halbleib's testimony in this case" because Wise's conduct "is a prelude to the charged offense. Prior to the agreement to purchase narcotics, law enforcement lacked the necessary probable cause to execute a search warrant at the defendant's residences." *Id.* In the alternative, the United States argues that the evidence is admissible under Fed. R. Evidence 404(b) to "to prove [Wise's] motive, opportunity, knowledge, and/or absence of mistake or accident for possessing the firearms." *Id.* at 224.

The Court disagrees. Even assuming this evidence is admissible as *res gestae* or under Fed. R. Evid. 404(b), the Court must nonetheless exclude it because it is substantially more prejudicial than probative. *See* Fed. R. Evid. 403. As Wise correctly observes, the Court, not the jury, determines whether a search is a valid. *See* Fed. R. Crim. P. 12(b)(3)(c). The probable cause for these search warrants—the agreement with the Houston traffickers—is thus marginally relevant. Moreover, while this evidence might prove Wise's "motive," it is cumulative because the marijuana recovered from the residences also proves "motive." Fed. R. Evid. 403 (The "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence"); *United States v. Al Asai*, No. 3:16-CR-00149-01-RGJ, 2018 WL 5816769, at *3 (W.D. Ky. Nov. 6, 2018) (citing *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996) (Evidence is "cumulative" when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of the trial). Most

importantly, this marginally probative evidence is unfairly prejudicial. Because the Houston traffickers have Hispanic names and drove to Kentucky from Texas with a kilogram of cocaine in their car, the jury may believe, as Halbleib does, that Wise is involved with a Mexican drug cartel. [DE 25 at 78-79]; *Cf. United States v. Irvin*, 87 F.3d 860, 865 (7th Cir. 1996) ("Gangs generally arouse negative connotations and often invoke images of criminal activity and deviant behavior. There is therefore always the possibility that a jury will attach a propensity for committing crimes to defendants who are affiliated with gangs or that a jury's negative feelings toward gangs will influence its verdict"). Wise will be further unfairly prejudiced by this evidence because the high cost ($84,000) and substantial weight of the cocaine (six kilograms) imputes to him a level of criminal sophistication and design that is otherwise not present in this case. *See United States v. Libbey-Tipton*, 948 F.3d 694, 704 (6th Cir. 2020) (quoting *United States v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007) ("Details have been considered inflammatory enough to be unfairly prejudicial when the prior acts were 'more lurid and . . . more interesting than the evidence surrounding the actual charge'"). In a case such as this, where the only charge is possession of a firearm by a felon, evidence of an aborted drug transaction for kilograms of cocaine between Wise and agents of a drug cartel is "unfairly prejudicial . . . because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Garcia*, 635 F.3d 472, 477–78 (10th Cir. 2011) (internal quotation marks, formatting, and citation omitted). Thus, the United States is precluded from introducing evidence about the Houston drug traffickers.

### 2. Physical surveillance and electronic tracking

The United States moves the Court to allow the introduction of "evidence through the testimony of Major Halbleib and other officers that between May 15, 2018 and July 14, 2018 the

Defendant resided at both of these addresses. Their physical surveillance, as well as their monitoring of cell-site location information, placed the Defendant at both of these residences." [DE 46 at 220].[3]

The Court agrees. A defendant may be convicted under 18 U.S.C. 922 (g)(1) based on either actual or constructive possession of a firearm. *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007). Actual possession requires that the defendant have "immediate possession or control" of the firearm. *Id.* Constructive possession, on the other hand, "exists when a person does not have possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Id.* (internal quotation marks and citation omitted). Constructive possession may be proven "if the defendant merely had dominion over the premises where the firearm is located." *Id.* (internal quotation marks and citation omitted).

Halbleib's testimony about "physical surveillance" and "monitoring of cell-site location information" is "directly probative" of constructive possession and is not substantially outweighed by the undue prejudice of the implication that Wise was under investigation months before the search warrant was executed. *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (*Res gestae* "evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense") (internal quotation marks and citation omitted). Moreover, this evidence is probative of Wise's ability to exercise "dominion and control" over the residences because it shows his ability to "come and go as he pleased." *United States v. De Leon*,

---

[3] Wise does not directly object to the admission of evidence about physical surveillance and cell-site location information. Rather, he broadly asserts that "[w]hat Halbleib and others did in the months before the firearms were found makes no 'fact of consequence' to this issue more or less likely." [DE 40 at 191].

170 F.3d 494, 497 (5th Cir. 1999); *See United States v. Dennis*, 365 F. App'x 591, 593 (5th Cir. 2010) (finding sufficient evidence of constructive possession, in part, because "[d]uring a two-week surveillance period and prior to executing a search warrant on the residence, officers observed Dennis enter the house at will on multiple occasions"); *United States v. Meza*, 701 F.3d 411, 420 (5th Cir. 2012) (finding sufficient evidence of constructive possession, in part, because "Meza departed the residence while it was under surveillance"). As a result, the Court will allow introduction of this evidence. That said, the United States must carefully curate this evidence so as not to unfairly prejudice Wise. That is, a witness may broadly testify that he observed Wise at or tracked Wise to the alleged residences, but may not specifically testify about why he was surveilling or tracking him (*i.e.*, as part of an ongoing narcotics investigation).

### B. Wise's Criminal History

Wise moves the Court to exclude evidence of "[a]ny 'criminal history' of the Defendant, Eric Wise beyond the fact that before June 13, 2018, he had suffered a conviction for a 'crime punishable by a term exceeding one year.'" [DE 40 at 189]. In its Notice, the United States did not state its intention to introduce evidence of Wise's criminal history "beyond the fact that before June 13, 2018, he had suffered a conviction for a 'crime punishable by a term exceeding one year.'" But because the Court has not yet set a trial date, the United States still has time to provide "reasonable notice" of its intention to do so. *See* Fed. R. Evid. 404(b)(2) ("[T]he prosecutor must . . . provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and . . . do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice"); Fed. R. Evid. 609(b)(2) (requiring the prosecutor to provide "reasonable written notice of the intent to use" any convictions more than ten years old to impeach the defendant at trial, should the defendant choose to testify). Thus, the Court declines, at this time,

8

to exclude "any 'criminal history' of the Defendant, Eric Wise beyond the fact that before June 13, 2018, he had suffered a conviction for a 'crime punishable by a term exceeding one year.'" See *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) (The "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds). If the United States decides to provide "reasonable notice" of its intention to introduce this evidence, Wise may renew his motion.

### C. The Officers' Expectations

Wise moves the Court to exclude evidence of "[w]hat the officers who executed the Doe Run Road and Valley Farms Boulevard search warrants expected to find." [DE 40 at 189]. Based on its Notice, the United States does not plan to introduce evidence of what the officers intended to find so the Court declines to exclude that evidence.

### D. Items recovered during search warrant

Wise moves the Court to exclude "[a]ny description or listing of tangible objects found or seized during the course of the search of Doe Run Road and Valley Farms Boulevard other than the two firearms seized and described in the Indictment." *Id.*

The United States, conversely, moves the Court to allow it to admit evidence of the drugs recovered from the residences because "his possession of narcotics at the time of the search . . . provides a motive for the defendant to have a firearm at each of his residences. This evidence is directly probative of the charged offense." [DE 46 at 220].

"There is strong authority for the proposition that evidence of drug possession can and perhaps ought to be admitted in cases of alleged firearm possession, partly to show motive for such possession." *United States v. Till*, 434 F.3d 880, 883 (6th Cir. 2006). *Till* is on point. There, law enforcement recovered a firearm and marijuana from Till's car and, after he was booked, cocaine

9

from his body. *Id.* at 882. A federal grand jury only indicted Till on possession of a firearm by a felon. *Id.* Nonetheless, at trial, the district court admitted testimony about the marijuana and cocaine because it was *res gestae* or background evidence and was not more prejudicial than probative. *Id.* at 884. Affirming the district court, the Sixth Circuit held that "the testimony as to drug possession was relevant in proving that the firearm was possessed by the defendant." *Id.* at 883.

Here, the Court likewise finds that testimony about the recovered marijuana and drug paraphernalia is admissible as *res gestae* evidence and is not substantially more prejudicial than probative. Moreover, although Wise never claimed the firearms, he claimed some of the marijuana ("I like my weed, that's just weed"). [DE 46 at 220]. Thus, this evidence is also highly probative of constructive possession because it connects him to the residences and some of the items recovered inside them. For these reasons, the Court will permit the United States to introduce evidence about the items recovered from Wise's residences.

## IV.    CONCLUSION

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

1) Wise's Motion [DE 40] is **DENIED**.

2) The United States' Notice [DE 46] is **GRANTED IN PART AND DENIED IN PART**.

Cc: Counsel of record